UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                  Case No. 11-20336
SAMUEL NELSON,                    Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

On March 6, 2012, the Defendant, Samuel Nelson, tendered a plea of guilty to each count of an indictment charging him with (1) the manufacture, possession with intent to manufacture, and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Counts I and II); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count III); being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1) (Counts IV and V); and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k) (Count VI).

Currently before the Court is Nelson's motion to withdraw his guilty plea.

### I.

Prior to the events implicating in the case sub judice, Nelson had been convicted of (1) felony possession of cocaine; (2) misdemeanor possession of marijuana; (3) providing false information to a police officer; (4) operating a vehicle while intoxicated; and (5) malicious

destruction of property. He was also previously arrested on a seven other occasions for offenses regarding drug use and manufacture.

On January 6, 2011, a search warrant was issued to search Nelson's residence on the basis of an affidavit setting forth probable cause to believe that narcotics were being sold there. The following day, police executed the search warrant at Nelson's apartment,[1] as a result of which they recovered nine unloaded firearms, a significant amount of ammunition, a Kevlar vest, seventy-one marijuana plants, 1.9 kilograms of dried marijuana, and nine digital scales. Nelson states that, at the time, he possessed a state of Michigan Medical Marijuana Patient Registry Identification Card that authorized him to (1) possess up to 2.5 ounces of marijuana, (2) grow up to twelve marijuana plants in a locked enclosed "facility," and (3) possess and grow marijuana as a designated care-giver for other individuals. Since no one was present inside the home at the time of the search, the police left a copy of the search warrant inside the home.

On May 24, 2011, Nelson was charged in the instant six-count indictment and an arrest warrant was issued. Despite efforts by law enforcement officers and Nelson's father, Nelson was not located.

On September 22, 2011, a police officer responded to a call that there was a vehicle driving on its rims. Upon arrival, the officer encountered Nelson in the vehicle, which was at that time parked in the grass with two flat tires. Nelson had a large glass jar of marijuana protruding from his sweatshirt and the officer believed that he had been driving while impaired. The officer reported that Nelson was uncooperative and that officers had to force entry into the vehicle by breaking the rear passenger side window to pull him out of the car. The officers also recovered a

---

[1] Although the residence was owned by Nelson's father, Nelson was the only person residing at the house.

loaded semi-automatic pistol, marijuana, beer, and the January 7, 2011 search warrant in the car. Nelson has not - as of this date - been charged with any offenses related to this incident.

Nelson was offered a Rule 11 Plea Agreement that would have required him to plead guilty to the (1) possession of a firearm in furtherance of drug trafficking count and (2) one count of felon in possession of a firearm, in exchange for which the Government would dismiss all other charges. The proposed plea agreement contemplated a sentencing guideline range of ninety-seven to one hundred and six months. Nelson ultimately declined to accept the agreement, and, on March 6, 2012, he pled guilty to all counts without the benefit of a plea agreement. At the plea hearing, the Court questioned Nelson about his competence, advised him of certain rights he was waiving, and established a factual basis for the guilty plea. The Court accepted Nelson's guilty plea and set a sentencing date for June 12, 2012.

In January and May 2012, Nelson sent letters to the Court that expressed his dissatisfaction with his lawyer and counsel for the Government. Although Nelson stated that his letter was "not an attempt to withdraw [his] guilty plea," the content of the letters indicated that he may have erroneously believed that his guilty plea would not result in a waiver of his right to appeal certain issues. On June 12th, after discussing these issues with Nelson and both attorneys, the Court adjourned the sentencing date to August 14th. Six days later (June 18th), Nelson sent his counsel an email indicating his desire to withdraw his plea and proceed to trial. The instant motion followed.

II.

The Federal Rules of Criminal Procedure permit a defendant to withdraw a guilty plea "for any or no reason" if the plea had not yet been accepted. Fed. R. Crim. P. 11(d)(1). However,

if the court has accepted the plea, but the defendant has not yet been sentenced, the plea may be withdrawn only if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2).[2] "This rule is designed to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Ellis*, 470 F.3d 275, 280-81 (6th Cir. 2006) (citation and internal quotation marks omitted). "Withdrawal of a plea is appropriate where there is a real confusion or misunderstanding of the terms of the agreement." *Id.* at 281.

Since a plea bargain is contractual in nature, *United States v. Mandell*, 905 F.2d 970, 973 (6th Cir. 1990), a defendant does not have an absolute right to withdraw a guilty plea, *Ellis*, 470 F.3d at 280. Accordingly, the Court will permit withdrawal of a guilty plea only after careful consideration. *See United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise."); *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993) ("Withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice."). The defendant bears the burden of proving that he is entitled to withdraw his guilty plea. *Ellis*, 470 F.3d at 280.

When considering whether a defendant's proffered reasons have demonstrated a fair and just reason, courts consider a number of factors, including:

---

[2]An accepted guilty plea may also be withdrawn if the court rejects the parties Rule 11 Agreement. However, no such agreement was achieved here, and this provision is not implicated.

(1) the amount of time that elapsed between the plea and the motion to withdraw it;

(2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

(3) whether the defendant has asserted or maintained his innocence;

(4) the circumstances underlying the entry of the guilty plea;

(5) the defendant's nature and background;

(6) the degree to which the defendant has had prior experience with the criminal justice system; and

(7) potential prejudice to the government if the motion to withdraw is granted.

*Ellis*, 470 F.3d at 281 (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds by statute as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)). These factors are "a general, non-exclusive list and no one factor is controlling." *Id*. (quoting *United State v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)). The decision to permit withdrawal of a guilty plea is within the discretion of the district court. *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

### III.

Since the Court previously accepted Nelson's guilty plea, Nelson must demonstrate a "fair and just reason" in order to withdraw his plea. *See* Fed. R. Civ. P. 11(d)(2); *Ellis*, 470 F.3d at 281. Nelson asserts that an analysis of the *Bashara* factors suggests that he has established a fair and just reason for withdrawing his plea. In opposition, the Government contends that the factors weigh strongly against permitting Nelson to withdraw his plea. The Court will examine each factor in turn.

The first *Bashara* factor looks to the amount of time that elapsed between entry of the guilty plea and the motion to withdraw. The Government asserts - and Nelson concedes - that this factor weighs against Nelson's motion to withdraw. "The shorter the delay, the more likely a motion to withdraw will be granted." *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996). Nelson entered his guilty plea on March 6, 2012, and he informed his counsel of his intent to withdraw his plea one hundred and four days later, on June 18, 2012. The Sixth Circuit has repeatedly affirmed denials of motions to withdraw guilty pleas where the delay in submitting a motion to withdraw was shorter than here. *See, e.g.*, *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) ("[U]njustified 75-day delay, alone, supported the court's denial of a motion to withdraw."); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) ("The strongest factor supporting the district court's denial of [defendant's] motion is the length of time between [his] plea and the filing of his motion to withdraw. [Defendant] waited approximately seventy-seven days to file his motion after entering his guilty plea."); *Baez*, 87 F.3d at 808 (citing a sixty-seven day delay as the strongest factor supporting the denial of a motion to withdraw); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (fifty-five day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (five week delay). Accordingly, the Court finds that the 104-day delay weighs against Nelson's motion to withdraw.

The second *Bashara* factor focuses on the defendant's reasons for the elapsed time between entry of the guilty plea and the motion to withdraw. Nelson asserts that he did not move for withdrawal earlier in the proceedings because he had believed that he was permitted to withdraw his plea any time before his sentencing. In opposition to Nelson's argument, the

Government asserts that this misunderstanding is not a valid explanation for the failure to move for withdrawal sooner.

"[A] defendant's reasons for filing [a motion to withdraw] will be more closely scrutinized when he has delayed his motion for a substantial length of time." *Baez*, 87 F.3d at 808. Here, Nelson may have been under the incorrect impression that his guilty plea could be freely withdrawn prior to sentencing. His statements to the Court also suggest that he mistakenly believed that he would retain the ability to appeal his conviction on evidentiary grounds[3] even after signing the guilty plea. Although his plea documents included a question that indicated that he was waiving his right of appeal, it is likely that Nelson did not read this question because it was located in a section dealing with guilty pleas entered pursuant to a Rule 11 agreement. Because his plea was entered without the benefit of a plea agreement, the relevant section was crossed out. When he was advised of the waiver of his appellate rights on June 12th, Nelson informed his counsel of his desire to withdraw his plea only six days later. Given Nelson's apparent misunderstanding and the short period of time that elapsed between the clearing up of that misunderstanding and the filing of the instant motion, the Court finds that this factor weighs in favor of his motion to withdraw.

The third *Bashara* factor considers whether a defendant has made "vigorous and repeated protestations of innocence." *Alexander*, 948 F.2d at 1004. In support of his motion for withdrawal, Nelson argues that he has always asserted his legal innocence to all of the charges of the indictment. Specifically, he argues that he has consistently contested the (1) legality of the canine sweep of his residence; (2) the use of that sweep to establish probable cause to search

---

[3]Nelson filed a pro se motion to suppress certain evidence, which was subsequently withdrawn by stipulation of the parties.

therein; and (3) the sufficiency of the search warrant's establishment of probable cause once the dog sniff is excluded. In opposition, the Government argues that (1) this claim is unfounded and (2) Nelson has not maintained his actual - as opposed to legal - innocence.

Courts often find that a defendant has not asserted or maintained innocence where he has acknowledged that he participated in the criminal acts as alleged in the indictment. *See, e.g.*, *Ellis*, 470 F.3d at 275. However, many courts consider continued assertion of legal innocence to weigh in favor of granting a defendant's motion to withdraw a guilty plea. *See, e.g.*, *United States v. Rinaldi*, 461 F.3d 922, 927 (7th Cir. 2006); *United States v. Barker*, 514 F.2d 208, 221, 226 (D.C. Cir. 1975) (where defendant plausibly asserts legal innocence, "presentence withdrawal should be rather freely allowed"). The Government relies on *Alexander* to argue that this third *Bashara* factor focuses on actual, not legal, innocence. This contention is contradicted by the plain language of the opinion, which specifically describes this factor as "whether the movant has asserted his legal innocence." 948 F.2d at 1004. There, the Sixth Circuit found that the defendant's request to reopen a suppression hearing was not a sufficient reason to withdraw a guilty plea, arguably implying that an assertion that evidence should be suppressed is not a claim of legal innocence. 948 F.2d at 1004; *see also United States v. Jones*, 74 F. App'x 664, 668 (7th Cir. 2003) (attempt to litigate motion to suppress probative evidence is not assertion of legal innocence); *United States v. Hudak*, No. 02 CR. 853(JFK), 2003 WL 22170606, at *3 (S.D.N.Y. Sept. 19, 2003) ("Whether the search warrant was valid or not impacts the strength of [defendant's] tactical defense, not whether he is legally innocent."). However, because the request to reopen the suppression hearing was wholly unpersuasive and unsupported, the court did not directly confront the question. *Alexander*, 948 F.2d at 1004. Although courts in the Sixth

Circuit have not definitively ruled on the persuasiveness of a claim of legal innocence based upon a desire to litigate a suppression motion, in light of the circumstances of this case - in which Nelson filed a pro se suppression motion which was subsequently withdrawn, he claims without his knowledge or consent, and thus the issue has not been adjudicated - the Court believes that this factor also weighs in favor of Nelson's motion, albeit slightly.[4]

The fourth *Bashara* factor looks to the circumstances underlying the entry of the guilty plea. *Bashara*, 27 F.3d at 1181. Nelson, in contending that his plea was not truly voluntary, points to (1) his difficulty in answering certain questions during his plea proceedings and (2) his concerns about the conduct of his and Government counsel. In opposition, the Government argues that the thorough nature of Nelson's plea proceedings were sufficient to indicate that Nelson fully understood the consequences of his plea.

Nelson contends that he felt coerced into entering this plea by virtue of threats that, if he challenged the Government in any way, a superseding indictment that would expose him to consecutive five and twenty-five year mandatory sentences would be filed based upon the events of September 22, 2011. Nearly all guilty pleas involve the parties striking a bargain whereby certain charges that could be brought are either dismissed or not brought at all in exchange for

---

[4]This factor only marginally favors Nelson because his claim that the search was illegal appears predicated, at least in part, on the claimed legality of his marijuana possession under Michigan law. Courts have routinely and unhesitatingly rejected the argument that the possible legality of marijuana possession under state law means that the smell of marijuana cannot support probable cause for a state warrant. *E.g.*, *United States v. Ashbourne*, No. 11-20776, 2012 WL 1672937, at *5 (E.D. Mich. May 14, 2012); *United States v. Chapman*, No. 09-20591-BC, 2010 WL 3834605, at *1 (E.D. Mich. Sept. 27, 2010) ("[P]ossession of marijuana remains an offense under federal law and the officers were not required to investigate Defendant's possible defenses prior to securing and executing a search warrant."). However, because the suppression motion was withdrawn before it was fully briefed or adjudicated, the Court does not issue a determination on the merits at this stage.

the defendant's forfeiture of several constitutional rights. Thus, this allegation, standing alone, would seem insufficient to justify a plea withdrawal. However, as noted above, Nelson's communications with the Court have also indicated that he did not understand that entering a plea waived his rights of appeal, and the completed portion of his plea questionnaire did not include this information. Accordingly, it is plausible that he was unaware of this waiver. This integral misunderstanding leads the Court to find that the circumstances surrounding the plea weigh in favor of granting Nelson's motion to withdraw.

The fifth *Bashara* factor examines whether a defendant's nature and background indicates that he could have understood the effect of entering a guilty plea. Nelson acknowledges that he is sufficiently intelligent to understand the plea, but argues that his arrest and prosecution were unfair. In opposition to Nelson's motion to withdraw, the Government argues that Nelson's education and employment illustrate that Nelson was sufficiently intelligent, sophisticated, and well-equipped to understand the consequences of his guilty plea. Subject to the previously-discussed caveat about the waiver of his appellate rights, the Court agrees. Courts have found that a defendant's background indicates that the defendant understood "what he was doing when he entered the guilty plea" where the defendant is adequately educated. *Ellis*, 470 F.3d at 285 (finding this factor weighed against motion to withdraw guilty plea where defendant was public health epidemiologist with Master level education). Since Nelson (1) attended Saginaw Valley State University and Washtenaw County Community College and (2) held significant periods of employment, his nature and background weigh against Nelson's motion to withdraw his guilty plea.

The sixth *Bashara* factor considers any prior experience the defendant has with the criminal justice system. Nelson claims that his prior convictions did not prepare him for the instant case. In opposition, the Government argues that Nelson's extensive contact with law enforcement weighs against Nelson's motion to withdraw.

Nelson was first convicted at the age of seventeen of felony drug possession, and has had frequent contact with law enforcement in the following years. Nelson argues his prior convictions were simple crimes, none of which were litigated. However, the Court believes that this merely indicates Nelson's familiarity with guilty pleas. Accordingly, Nelson's prior experience with the criminal justice system weighs against Nelson's motion to withdraw.

The final *Bashara* factor directs courts to consider any potential prejudice to the government if the defendant's motion to withdraw is granted. Nelson argues that there is no prejudice to the Government because it is always expected to be able to prove the legitimacy of its evidence and the defendant's guilt beyond a reasonable doubt. In opposition, the Government argues that Nelson is merely causing delay, consequently prejudicing the Government.

Courts do not require the Government to establish prejudice in this factor "unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *Ellis*, 470 F.3d at 286 (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)). Courts have previously found that the Government is potentially prejudiced where sentencing and jury selection had already occurred. *United States v. Sharp*, 424 F. App'x 475, 480-81 (6th Cir. 2011). No similar reasons apply here. While a withdrawal of Nelson's guilty plea would indeed cause a delay, the Government has not shown that it will suffer undue potential prejudice.

11

After consideration of the seven *Bashara* factors, the Court finds that Nelson has established a fair and just reason to withdraw his plea. Most importantly, Nelson appears to have lacked a fundamental understanding that he had waived his right to appeal by entering a guilty plea, and he acted quickly to move to withdraw his plea once he realized this misunderstanding. The Court believes that these misunderstandings have established a fair and just reason to withdraw Nelson's guilty plea.

IV.

For the reasons that have been set forth above, the Court grants Nelson's motion to withdraw his guilty plea (ECF 23).

IT IS SO ORDERED.

Date: September 18, 2012
                                    s/Julian Abele Cook, Jr.
                                    JULIAN ABELE COOK, JR.
                                    U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 18, 2012.

                                    s/ Kay Doaks
                                    Case Manager