UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL NELSON,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.
_____/

Case No. 11-20336

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [92]; AND DENYING AS MOOT RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE [103]**

On November 9, 2015, Movant Samuel Nelson filed a Motion to Vacate, Set Aside, or Correct Sentence [Dkt. #92] pursuant to 28 U.S.C. § 2255. On April 8, 2016, the Government filed its Response [104]. On May 13, 2016, Movant filed a Reply [105]. For the reasons stated below, the Motion to Vacate, Set Aside, or Correct Sentence [92] is **DENIED** and a Certificate of Appealability is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On appeal from Movant's conviction, the Sixth Circuit summarized the background of this case as follows:

> In January 2011, pursuant to a warrant, the police searched Nelson's residence and discovered nine firearms, ammunition, body armor, seventeen marijuana plants, dried marijuana, and nine digital scales. Nelson was later charged in a six-count indictment with various drug and firearm offenses as the result of the search. He was arrested in September 2011,

after a traffic stop. At the time of his arrest, Nelson was found to be in possession of marijuana and a firearm.

In March 2012, Nelson pleaded guilty to all six counts of the indictment, without the benefit of a plea agreement. In July 2012, Nelson moved to withdraw his guilty plea, and the district court granted the motion. Following the withdrawal of his guilty plea, the government filed a superseding indictment, adding three counts based on Nelson's September 2011 arrest.

The parties eventually entered into a plea agreement whereby Nelson agreed to plead guilty to two counts of the superseding indictment: felon in possession of a firearm (Count 8), in violation of 18 U.S.C. § 922(g); and possession of a firearm in furtherance of a drug trafficking crime (Count 9), in violation of 18 U.S.C. § 924(c). The agreement provided that the remaining counts would be dismissed; the results of the January 2011 search of Nelson's residence would be considered relevant conduct for the purposes of sentencing; and Nelson would waive his right to appeal his conviction or sentence unless it exceeded the maximum guidelines range agreed to by the parties.

The agreement provided that Nelson's guidelines range of imprisonment would be 168 to 195 months based upon a total offense level of 29 and a criminal history category of III, which resulted in a guidelines range of imprisonment of 108 to 135 months for Count 8 and a mandatory minimum consecutive 60-month term of imprisonment for Count 9.

Following a plea hearing, the district court accepted Nelson's pleas. At the time Nelson signed his plea agreement, the Supreme Court was considering the case of *Florida v. Jardines*, 133 S. Ct. 1409 (2013), which involved the search of a residence based on an alert from a drug-sniffing dog. Because Nelson believed that the outcome of the case provided him with an argument that the January 2011 search of his residence was unconstitutional, he filed a motion for new counsel, asserting that counsel had misinformed him that his January 2011

offenses would not be considered relevant conduct because of *Jardines*.

Nelson also claimed that he did not understand why he was guilty of possession of a firearm in furtherance of a drug trafficking crime. Following a hearing, the district court denied the motion.

A presentence report calculated Nelson's total offense level as 29 and his criminal history category as III, resulting in a guidelines range of 108 to 135 months. Because the statutorily authorized maximum sentence of 120 months was less than the maximum of the applicable guideline range, however, the guidelines range became 108 to 120 months. USSG § 5G1.2(b). The report noted that a 60-month consecutive term was required for Count 9.

The district court ultimately sentenced Nelson to a 60-month term of imprisonment for Count 8 and the mandatory consecutive 60-month term of imprisonment for Count 9, for a total term of 120 months. The court imposed a 36-month term of supervised release on each count, to be served concurrently.

*United States v. Samuel Nelson*, No. 13-2278, (6th Cir. Oct. 8, 2014).

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

In his Motion [92], Movant alleges a violation of his constitutional right to the effective assistance of counsel, an "error of constitutional magnitude." *Id.* Movant argues that his counsel was ineffective in three ways: (1) for "falsely informing" him that evidence from the January 2011 search of his apartment would not be considered relevant conduct when calculating his sentence; (2) for failing to explain to him how he was guilty of 18 U.S.C. § 924(c) possession of a firearm in furtherance of a drug trafficking crime; and (3) for failing to challenge the constitutionality of January 2011 search of his apartment.

To establish ineffective assistance of counsel, a movant must show that defense counsel rendered deficient performance and thereby prejudiced the movant's defense, so as to render the outcome of the proceedings unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Movant's three arguments are addressed in turn.

**I. "Falsely informing" movant that evidence from the January 2011 search of his apartment would not be considered relevant conduct when calculating his sentence**

Movant alleges that his counsel advised him that the items seized from his apartment during the January 2011 search would not be considered when calculating his sentence; he further maintains that because he relied on this advice in entering his guilty plea, the plea was neither voluntarily nor intelligently made.

Movant has previously raised this argument. At his Sentencing Hearing before the Honorable Julian A. Cook, Movant explained:

> The understanding to me was that certain – the relevant conduct could not be used against me and this is why I took the plea. And if that was not true, then I would not have the plea. And so that is why I have been going over this over and over again. I believe he gave me incorrect information, and because of that, my plea was falsely induced or it was based on an unkept promise.

Sent'g Hr'g Tr. at 9:8-15 (Sep. 12, 2013).

At the Sentencing Hearing, Movant's counsel, Mr. Scharg, clarified his discussions with Movant regarding the Court's consideration of the evidence seized during the January 2011 search. Mr. Scharg explained:

> And, in fact, my discussions with him were that a favorable decision on the *Jardines* case would allow us to make some arguments to the Court, which I am prepared to do and which I incorporated in my Sentencing Memorandum. But whether I told him that they could not consider relevant conduct or whether that could be a factor in the Court's decision, that is a question of interpretation between me and my client. But I would never have told him that, in fact, they could [not] (*sic*) use it for relevant conduct, since in fact, it's in the Rule 11 Plea Agreement that it was relevant conduct.

*Id.* at 14:7-16.

The record at the Sentencing Hearing does not establish that Mr. Scharg rendered deficient performance and thereby prejudiced Movant's defense as required under *Strickland*. 466 U.S. at 687. At most, the record reflects a

miscommunication between Movant and his counsel regarding whether the January 2011 search of his apartment would be considered relevant conduct at sentencing.

This miscommunication is insufficient to support Movant's claim for relief. The Rule 11 Plea agreement, that Movant signed on February 5, 2013, stated that the evidence seized from his apartment in January 2011 was relevant conduct.[1] [#59 at 4-5]. Moreover, at the Plea Hearing, the Government described the relevant conduct on the record. Plea Hr'g Trans. at 19:9-23 (Feb. 4, 2013).

After thorough questioning, the Court found that Movant's "offer of guilt was voluntarily and intelligently made by him." *Id.* at 23:2-3. The District Court's "proper colloquy can be said to have cured any misunderstanding [the defendant] may have had about the consequences of his plea." *Ramos v. Rogers*, 170 F.5d 360, 565 (6th Cir. 1999). Accordingly, this ground for vacation of Movant's sentence is denied.

## II. Failing to explain to Movant how he was guilty of 18 U.S.C. § 924(c) possession of a firearm in furtherance of a drug trafficking crime

Movant claims counsel was ineffective for failing to explain to him how he was guilty of § 924(c), and for failing to raise an insufficiency of the evidence argument for that offense.

---

[1] "Relevant Conduct" is in bold and underlined as the headline of Section C of the Plea Agreement.

"[W]hen the judgment of a conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). Moreover, with respect to a conviction based on a guilty plea, "'. . . the concern with finality served by the limitation on collateral attack has special force . . . .'" *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)).

Movant's argument that counsel should have challenged the sufficiency of evidence for a conviction of § 924(c) fails. Movant signed a Plea Agreement describing the offenses to which he was pleading guilty. At the Plea Hearing, Movant answered "yes" when asked whether he possessed a firearm in furtherance of distributing marijuana in his possession. Plea Hr'g Trans. at 22:3-6 (Feb. 4, 2013). Additionally, Movant indicated that he thoroughly understood all of the questions asked by the Court. *Id.* at 18:20-22. Movant's Motion [92] and Reply [105] lack any support for the proposition that his plea was involuntary. Thus, this claim is denied.

### III. Failing to challenge the constitutionality of January 2011 search of his apartment

A court owes "substantial deference to counsel's decisions not to raise an argument, even a meritorious argument, if the decision 'might be considered sound

trial strategy.'" *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Hodge v. Hurley*, 426 F.3d 368, 385 (6th Cir. 2005)).

Movant's argument that counsel was ineffective for failing to object to the January 2011 search of his apartment is without merit. Movant asserts that the Supreme Court's ruling in *Florida v. Jardines*, 569 U.S. 1 (2013) provides him with a basis for challenging the constitutionality of the search.[2]

In the instant case, the record indicates that the police obtained a warrant to search Movant's home after a neighbor complained that several people were coming to the house. Sent'g Hr'g Trans. at 36:13-25 (Sep. 12, 2013). Based upon reports of suspicious activity at the apartment, the police conducted a canine smell test on the door of Movant's apartment that resulted in the execution of the warrant. *Id.* at 37:1-4.

On appeal of Movant's underlying case, the Sixth Circuit noted that this case is distinguishable from *Jardines*: here, the police were authorized to enter Movant's building by one of the building's tenants; in *Jardines*, the police were

---

[2] In *Jardines*, detectives approached the defendant's front door with a drug-sniffing dog after receiving an unverified tip that the defendant was growing marijuana. *Id.* at 3-4. The dog alerted that there were narcotics in the home and following the dog's alert, the detective applied for, and received, a warrant to search the home. *Id.* The defendant challenged the dog's sniff as an unconstitutional search of the defendant's curtilage. *Id.* at 5. The Court ruled that the "government's use of trained police dogs to investigate the home and its immediate surroundings is a 'search' within the meaning of the Fourth Amendment." *Id.* at 11-12.

not provided with such authorization. *United States v. Samuel Nelson*, No. 13-2278, (6th Cir. Oct. 8, 2014).

Irrespective of whether Movant's reliance on *Jardines* is misguided, the Court need not rule on the constitutionality of the January 2011 search of the apartment because Movant nevertheless fails to demonstrate that counsel's decision not to challenge the constitutionality of the search was not "sound trial strategy." *See Hodge*, 426 F.3d at 385. At the Sentencing Hearing, counsel made clear that he recognized the potential that a favorable *Jardines* decision may help Movant's case. Sent'g Hr'g Trans. at 14:7-10 (Sep. 12, 2013). Moreover, counsel incorporated these arguments in his Sentencing Memorandum that was reviewed by the District Court. *See id.* The record indicates that counsel assessed the implications of the *Jardines* decision in advising Movant on the Plea Agreement. Counsel's decision to raise this issue in his Sentencing Memorandum, as opposed to filing a motion, "might be considered sound strategy." *See Hodge*, 426 F.3d at 385. Therefore, this ground for vacation of Movant's sentence is denied.

## CONCLUSION

For the reasons stated above, the Court denies Movant's Motion to Vacate, Set Aside, or Correct Sentence [92]. Movant's current 120-month sentence remains intact. Moreover, Movant has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court denies Movant a Certificate of

Appealability. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence [92] is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's Certificate of Appealability is **DENIED.**

**IT IS FURTHER ORDERED** that Respondent's Motion Requesting Extension of Time to Respond to Defendant's Motion to Vacate Sentence [103] is **DENIED as moot**.

**SO ORDERED**.

Dated: October 19, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge